1  WILLARD K. TOM
   GENERAL COUNSEL

2
   DAVID M. NEWMAN
3  Cal. Bar No. 54218
   FEDERAL TRADE COMMISSION
4  901 Market Street, Suite 570
   San Francisco, CA 94103
5  Tel: (415) 848-5100; Fax: (415) 848-5184
   Email: dnewman@ftc.gov

6
   Attorney for Plaintiff
7  FEDERAL TRADE COMMISSION

8

9              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
10

11 FEDERAL TRADE COMMISSION,

12              Plaintiff,

13         v.                              Case No. 8:11-CV-01537-DOC-JPR

14 FRONTIER PUBLISHING, INC., a           FINAL JUDGMENT AND ORDER
   corporation, also d/b/a American Data  FOR PERMANENT INJUNCTION
15 Group; and                             AND MONETARY RELIEF

16 WILLIAM J. CLAYTON, individually
   and as an officer of Frontier Publishing,
17 Inc.,

18              Defendants.

19

20        The parties, Plaintiff Federal Trade Commission and Defendants Frontier

21 Publishing, Inc., a corporation, also d/b/a American Data Group; and William J.

22 Clayton, having agreed in the Stipulation Concerning Final Judgment and Order

23 for Permanent Injunction and Other Equitable Relief to entry of this Order, hereby

24 request that the Court enter this Order to resolve all matters in dispute in this

25 action between them.  Defendants have waived service of the Summons and

26 Complaint.

27

28

Stip. Final Judgment and Order for Perm. Injunction                    Page 1

JS - 6

1    **THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND**

2    **DECREED** as follows:

3                                              **FINDINGS**

4           1.       This Court has jurisdiction over the subject matter of this case and

5    over the parties pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331,

6    1337(a) and 1345.

7           2.       Venue in this District is proper under 15 U.S.C. §53(b) and 28 U.S.C.

8    §§ 1391(b) and (c).

9           3.       The activities of Defendants, as alleged in the Complaint, are in or

10   affecting commerce, as defined in Section 4 of the Federal Trade Commission Act

11   ("FTC Act"), 15 U.S.C. § 44.

12          4.       The Complaint states a claim upon which relief may be granted under

13   Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b).

14          5.       Defendants have entered into this Order freely and without coercion.

15   Defendants further acknowledge that they have read the provisions of this Order

16   and are prepared to abide by them.

17          6.       Defendants waive all rights to seek judicial review or otherwise

18   challenge or contest the validity of this Order.  Defendants further waive and

19   release any claim they may have against the Commission and its employees,

20   representatives or agents.

21          7.       Defendants waive any claims they may have under the Equal Access

22   to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through

23   the date of the entry of this Order.

24          8.       Defendants, in consenting to the entry of this Order, do not admit the

25   allegations of the Complaint other than the jurisdictional facts.

26          9.       The parties agree, for purposes of facilitating resolution of this

27   matter, that entry of this Order is in the public interest.

28

Stip. Final Judgment and Order for Perm. Injunction                                Page 2

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1.      "**Assisting others**" includes, but is not limited to: (a) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any marketing material; (c) providing names of, or assisting in the generation of lists of, potential customers; (d) performing marketing or billing services of any kind; (e) processing credit and debit card payments; or (f) acting or serving as an owner, officer, director, manager, or principal of any entity.

2.      "**Corporate Defendant**" means Frontier Publishing, Inc., d/b/a American Data Group, and its successors and assigns.

3.      "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

4.      "**Employment Product or Service**" means any good, service, plan, or program that is represented, expressly or by implication, to assist an individual in any manner to obtain employment and includes, but is not limited to:  (a) employment listings; (b) study guides or test preparation materials; (c) job application processing services; (d) certifications or licenses; (e) job matching services; or (f) facilitating resume distribution and interviews, but does not include the placement of advertisements or listings for employment by any Defendant for positions offered by that Defendant or by any business of which such Defendant is the majority owner or which such Defendant directly or indirectly controls.

5.      "**FTC**" or "**Commission**" means Federal Trade Commission.

6.      "**Inbound Telemarketing Call**" means a telephone call initiated by a consumer to a telemarketer, during which the telemarketer attempts to induce the consumer to purchase any product or service.

7.      "**Individual Defendant**" means William J. Clayton.

Stip. Final Judgment and Order for Perm. Injunction                    Page 3

1   8.   "**Person**" means a natural person, organization, or other legal entity,

2   including a corporation, partnership, proprietorship, association, cooperative, or

3   any other group or combination acting as an entity.

4   9.   "**Telemarketer**" means any person who, in connection with

5   telemarketing, initiates or receives telephone calls to or from a consumer.

6   10.   "**Telemarketing**" means a plan, program, or campaign that is

7   conducted to induce the purchase of products or services by means of the use of

8   one or more telephones, including but not limited to inbound telemarketing calls.

9   11.   The words "**and**" and "**or**" shall be understood to have both

10   conjunctive and disjunctive meanings.

## ORDER

## I.

## BAN ON EMPLOYMENT PRODUCTS OR SERVICES

**IT IS HEREBY ORDERED** that Defendants, whether acting directly or

through any other person, corporation, partnership, subsidiary, division, agent, or

other device, are permanently restrained and enjoined from:

A.   Advertising, marketing, promoting, offering for sale, or selling

any Employment Product or Service; and

B.   Assisting others engaged in advertising, marketing, promoting,

offering for sale or selling any Employment Product or Service.

## II.

## PROHIBITED REPRESENTATIONS
## RELATING TO ANY PRODUCTS  OR SERVICES

**IT IS FURTHER ORDERED** that Defendants and their officers, agents,

servants, employees, and all persons in active concert or participation with any of

them who receive actual notice of this Order by personal service or otherwise,

whether acting directly or through any corporation, partnership, subsidiary,

division, agent, or other device, in connection with the advertising, marketing,

Stip. Final Judgment and Order for Perm. Injunction                    Page 4

1    promotion, offering for sale or sale of any product or service, by means of inbound

2    telemarketing calls or otherwise, are hereby permanently restrained and enjoined

3    from misrepresenting, or assisting others in misrepresenting, expressly or by

4    implication, any material fact, including, but not limited to

5         A.    Any material aspect of the performance, efficacy, nature or

6    other characteristic of the product or service; and

7         B.    Any material aspect of the nature or terms of any refund,

8    cancellation, exchange, or repurchase policy, including, but not limited to, the

9    likelihood of a consumer obtaining a full or partial refund, or the circumstances in

10   which a full or partial refund will be granted to the consumer.

11

12                                **III.**

13   **PROHIBITION AGAINST VIOLATING THE
     TELEMARKETING SALES RULE**

14       **IT IS FURTHER ORDERED** that Defendants and their officers, agents,

15   servants, employees, and all persons in active concert or participation with any of

16   them who receive actual notice of this Order by personal service or otherwise,

17   whether acting directly or through any corporation, partnership, subsidiary,

18   division, agent, or other device, are hereby permanently restrained and enjoined

19   from violating, or assisting others in violating, any provision of the Telemarketing

20   Sales Rule, 16 C.F.R. Part 310, as currently promulgated (attached to this Order as

21   *Appendix A*) or as it hereinafter may be amended, including, but not limited to, by

22   making a false or misleading statement to induce any person to pay for any

23   products or services, in violation of Section 310.3(a)(4) of the Rule, 16 C.F.R. §

24   310.3(a)(4).

25                                **IV.**

26                          **MONETARY RELIEF**

27       **IT IS FURTHER ORDERED** that judgment is hereby entered in favor of

28   the Commission and against Defendants for equitable monetary relief, including,

Stip. Final Judgment and Order for Perm. Injunction                    Page 5

1  but not limited to, consumer redress, in the amount of seven million five hundred

2  thousand dollars ($7,500,000).  Defendants shall be jointly and severally liable for

3  the entire amount of said judgment. *Provided, however,* that the Judgment against

4  Defendants shall be suspended upon the satisfaction of the obligations imposed by

5  Subsections A through G of this Section, and subject to the conditions set forth in

6  Section V of this Order.

7         A.    Defendants shall transfer one hundred thousand dollars ($100,000) to

8              the Commission or its designated agent within ten (10) business days

9              of entry of this Order by the Court, in accordance with instructions

10              provided by a representative of the Commission.

11         B.    Time is of the essence for the payment specified above.  In the event

12              of default by Defendants on any obligation imposed by this Section

13              IV, including, but not limited to, the failure to timely and completely

14              fulfill their payment obligations,

15              1.    the judgment imposed herein as to Defendants will not be

16                   suspended, and the full amount of that Judgment ($7,500,000),

17                   less any amounts already paid, shall immediately become due

18                   and payable, plus interest from the date of entry of this Order

19                   pursuant to 28 U.S.C. § 1961, as amended, which shall accrue

20                   from the date of default to the date of payment; and

21              2.    the Commission shall be entitled to immediately exercise any

22                   and all rights and remedies against Defendants and their assets

23                   to collect the full amount of the Judgment and interest thereon,

24                   less any amounts already paid.

25         C.    All funds paid, collected or recovered pursuant to this Order shall be

26              deposited into a fund administered by the Commission or its agent to

27              be used for equitable relief, including, but not limited to, consumer

28              redress, and any attendant expenses for the administration of such

1    equitable relief.  Defendants shall cooperate fully to assist the

2    Commission in identifying consumers who may be entitled to redress

3    pursuant to this Order.  If the Commission determines, in its sole

4    discretion, that direct redress to consumers is wholly or partially

5    impracticable or funds remain after the redress is completed, the

6    Commission may apply any remaining funds for such other equitable

7    relief (including consumer information remedies) as it determines to

8    be reasonably related to Defendants' practices alleged in the

9    Complaint.  Any funds not used for such equitable relief shall be

10   deposited to the United States Treasury as disgorgement.  Defendants

11   shall have no right to challenge the Commission's choice of remedies

12   under this Part C.  Defendants shall have no right to contest the

13   manner of distribution chosen by the Commission.

14   D.   This Judgment for equitable monetary relief is solely remedial in

15        nature and is not a fine, penalty, punitive assessment or forfeiture.

16   E.   In accordance with 31 U.S.C. § 7701, as amended, Defendants are

17        hereby required, unless they have already done so, to furnish to the

18        Commission their taxpayer identifying numbers (social security

19        numbers or employer identification numbers), which shall be used for

20        the purposes of collecting and reporting on any delinquent amount

21        arising out of Defendants' relationship with the government.

22   F.   Defendants relinquish all dominion, control, and title to the funds

23        paid to the fullest extent permitted by law.  Defendants shall make no

24        claim to or demand for return of the funds, directly or indirectly,

25        through counsel or otherwise.

26   G.   Defendants agree that the facts as alleged in the Complaint filed in

27        this action shall be taken as true without further proof in any

28        bankruptcy case or subsequent civil litigation pursued by the

1    Commission to enforce its rights to any payment or money judgment

2    pursuant to this Order, including, but not limited to, a

3    nondischargeability complaint in any bankruptcy case.  Defendants

4    further stipulate and agree that the facts alleged in the Complaint

5    establish all elements necessary to sustain an action by the

6    Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy

7    Code, 11 U.S.C. § 523(a)(2)(A), and this Order shall have collateral

8    estoppel effect for such purposes.

9                                    **V.**

10                          **RIGHT TO REOPEN**

11   **IT IS FURTHER ORDERED** that

12   A.   Plaintiff's agreement to this Order is expressly premised upon the

13        truthfulness, accuracy and completeness of Defendants' financial

14        condition, as represented in the Financial Disclosure Statements of

15        Frontier Publishing, Inc., and William Clayton, dated February 25,

16        2011, and supplemental material provided by counsel for Defendants

17        on May 24, 2011, which contain material information upon which

18        Plaintiff relied in negotiating and agreeing the terms of this Order;

19   B.   If, upon motion by the FTC, the Court finds that any Defendant failed

20        to disclose any material asset, materially misrepresented the value of

21        any asset, or made any other material misrepresentation in or

22        omission from the Defendant's financial statement or supporting

23        documents, the Court will lift the suspension of the Judgment against

24        the Defendants, in favor of the Commission, and the entire judgment

25        as to the Defendants, less any amount previously paid, shall become

26        immediately due and payable as to the Defendants.  *Provided,*

27        *however,* that, in all other respects, this Order shall remain in full

28        force and effect, unless otherwise ordered by the Court;

Stip. Final Judgment and Order for Perm. Injunction                    Page 8

C. Any proceedings instituted under this Section shall be in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including, but not limited to, contempt proceedings, or any other proceedings that the Commission or the United States might initiate to enforce this Order.  For purposes of this Section, Defendants waive any right to contest any of the allegation in the Commission's Complaint.

## VI.

## ORDER ACKNOWLEDGEMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For three (3) years after entry of this Order, the Corporate Defendant, and the Individual Defendant for any business which engages in conduct related to the subject matter of this Order, and of which such Defendant, individually or collectively with any other Defendant, is the majority owner or which such Defendant directly or indirectly controls, must deliver a copy of this Order to:

1. all principals, officers, directors, and managers;

2. all employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and

3. any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within 7 days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities.

Stip. Final Judgment and Order for Perm. Injunction                                        Page 9

C.    From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

    1.    Each Defendant must (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses which engage in conduct related to the subject matter of this Order by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each such business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

    2.    Additionally, the Individual Defendant must (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and

1    roles in all business activities, including any business for which

2    such Defendant performs services whether as an employee or

3    otherwise and any entity in which such Defendant has any

4    ownership interest; and (c) describe in detail such Defendant's

5    involvement in each such business, including title, role, respon-

6    sibilities, participation, authority, control, and any ownership.

7    B.    For five (5) years following entry of this Order, each Defendant must

8          submit a compliance notice, sworn under penalty of perjury, within

9          14 days of any change in the following:

10         1.    Each Defendant must report any change in (a) any designated

11               point of contact; or (b) the structure of any Corporate

12               Defendant or any entity that Defendant has any ownership

13               interest in or directly or indirectly controls that may affect

14               compliance obligations arising under this Order, including:

15               creation, merger, sale, or dissolution of the entity or any

16               subsidiary, parent, or affiliate that engages in any acts or

17               practices subject to this Order.

18         2.    Additionally, the Individual Defendant must report any change

19               in (a) name, including aliases or fictitious name, or residence

20               address; or (b) title or role in any business activity, including

21               any business for which such Defendant performs services

22               whether as an employee or otherwise and any entity in which

23               such Defendant has any ownership interest, and identify its

24               name, physical address, and Internet address, if any.

25   C.    Each Defendant must submit to the Commission notice of the filing

26         of any bankruptcy petition, insolvency proceeding, or any similar

27         proceeding by or against such Defendant within 14 days of its filing.

28   D.    Any submission to the Commission required by this Order to be

Stip. Final Judgment and Order for Perm. Injunction                    Page 11

1 sworn under penalty of perjury must be true and accurate and comply

2 with 18 U.S.C. § 1746, such as by concluding: "I declare under

3 penalty of perjury under the laws of the United States of America that

4 the foregoing is true and correct.  Executed on:_____" and supplying

5 the date, signatory's full name, title (if applicable), and signature.

6     E.    Unless otherwise directed by a Commission representative in writing,

7 all submissions to the Commission pursuant to this Order must be

8 emailed to DEbrief@ftc.gov or sent by overnight courier (not the

9 U.S. Postal Service) to:

10         Associate Director for Enforcement
Bureau of Consumer Protection

11 Federal Trade Commission
600 Pennsylvania Avenue NW

12 Washington, DC  20580.

13     The subject line must begin:  FTC v. Frontier Publishing, Inc., *et al.*

14 **VIII.**

15 **RECORDKEEPING**

16     **IT IS FURTHER ORDERED** that Defendants must create certain records

17 for five (5) years after entry of this Order, and retain each such record for five (5)

18 years.  Specifically, the Corporate Defendant and the Individual Defendant, for

19 any business in which that Defendant is a majority owner or which he directly or

20 indirectly controls which engages in conduct related to the subject matter of this

21 Order, must maintain the following records:

22     A.    Accounting records showing the revenues from all goods or services

23 sold, all costs incurred in generating those revenues, and the resulting

24 net profit or loss;

25     B.    Personnel records showing, for each person providing services,

26 whether as an employee or otherwise, that person's name, addresses,

27 and telephone numbers; job title or position; dates of service; and, if

28 applicable, the reason for termination;

Stip. Final Judgment and Order for Perm. Injunction              Page 12

C.      Customer files showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

D.      Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

F.      A copy of each advertisement or other marketing material.

## IX.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including he financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within fourteen (14) days of receipt of a written notice from a representative of the Commission, each Defendant must submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69;

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an

1    interview.  The person interviewed may have counsel present.

2    C.    The Commission may use all other lawful means, including posing,

3          through its representatives, as consumers, suppliers, or other

4          individuals or entities, to Defendants or any individual or entity

5          affiliated with Defendants, without the necessity of identification or

6          prior notice.  Nothing in this Order limits the Commission's lawful

7          use of compulsory process, pursuant to Sections 9 and 20 of the FTC

8          Act, 15 U.S.C. §§ 49, 57b-1.

9                                          **X.**

10                        **RETENTION OF JURISDICTION**

11          **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this

12   matter for purposes of construction, modification, and enforcement of this Order.

13

14   Dated:  October 14, 2011    _____

15                               David. O. Carter, U.S. District Court Judge

16   Presented by:

17

18   _/s/ David M. Newman_
     David M. Newman
19   Federal Trade Commission
     901 Market Street, Suite 570
20   San Francisco, CA 94103
     P: 415-848-5100/F: 415-848-5184
21   dnewman@ftc.gov

22

23

24

25

26

27

28